UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN DAVID KANE,

    Petitioner,                                    Case No. 19-cv-12262

v.                                              HONORABLE MARK A. GOLDSMITH

NOAH NAGY,

    Respondent,
_____/

## OPINION & ORDER DENYING THE
## MOTION FOR RELIEF FROM JUDGMENT (Dkt. 41)

Petitioner Brian David Kane filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, through his attorney Mary A. Owens. After conducting an evidentiary hearing, this Court denied the petition with prejudice and declined to grant a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. See Kane v. Nagy, No. 19-cv-12262, 2022 WL 4137811 (E.D. Mich. Sept. 12, 2022). The United States Court of Appeals for the Sixth Circuit subsequently denied Petitioner's motion for a certificate of appealability and dismissed the appeal. See Kane v. Nagy, No. 23-1638 (6th Cir. Jan. 12, 2024).

Petitioner has now filed a pro se Rule 60(d)(1) and (3) motion for an independent action for relief from judgment (Dkt. 41). For the reasons that follow, the motion is denied.

Petitioner argues that he is entitled to relief from judgment because he claims that the Assistant Attorneys General who represented the State of Michigan at the evidentiary hearing on Petitioner's ineffective assistance of counsel claims committed a fraud upon the court. Petitioner argues that the Assistant Attorneys General committed the fraud by stipulating to the qualifications of one of Petitioner's experts, Dr. Rodney Glenn Richmond, who testified before this Court at the

1

hearing. Petitioner's two experts at the evidentiary hearing, John Mudri and Richmond, testified at great length about the problems with the pharmacists' calculation of the amount of drugs stolen from their pharmacy. Petitioner had alleged that trial counsel was ineffective for failing to call these experts to testify at trial to challenge the amount of drugs that the prosecution claimed had been stolen from the pharmacy. Petitioner argues that by stipulating that Dr. Richmond was qualified as an expert, the Assistant Attorneys General also somehow agreed with Dr. Richmond's testimony concerning what he believed to be a lesser amount of drugs stolen regarding the methadone and hydromorphone stolen in the break-in. In doing so, Petitioner argues that the Assistant Attorneys General confessed error but subsequently continued to fraudulently misrepresent the quantities of the drugs stolen.

"The 'indisputable elements' of an independent action are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." Mitchell v. Rees, 651 F. 3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Fed. R. Civ. P. 60 is "available only to prevent a grave miscarriage of justice." Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas-type case, to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. Id. at 595–596 (citing Calderon v. Thompson, 523 U.S. 538, 557–558 (1998); Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(d) for several reasons.

First, Petitioner is not entitled to bring an independent action under Rule 60(d) because he previously had several opportunities to bring these fraud allegations to the attention of this Court and the Sixth Circuit.  See Mitchell, 651 F. 3d at 598–599.  Following the evidentiary hearing, this Court gave the parties time to file supplemental briefs.  Petitioner, through counsel, filed extensive proposed findings of fact (Dkt. 28).  Petitioner then filed a motion to amend or correct judgment (Dkt. 33), which this Court denied (Dkt. 37).  Petitioner was then able to appeal the denial of his petition to the Sixth Circuit.  In light of these prior opportunities to raise any claim that the Assistant Attorneys General committed a fraud upon the Court and/or confessed error, Petitioner cannot now maintain an independent action with which to raise these allegations.  Id.

Secondly, Petitioner has failed to show that a fraud was been committed upon the court.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit.

The problem with Petitioner's "fraud on the court" argument is that, other than his conclusory assertions, Petitioner has presented no evidence to this Court that the attorneys representing the State of Michigan carried out a deliberate or reckless fraud on the federal district court, so as to entitle him to relief from judgment pursuant to Rule 60(b)(3) on that ground.  See

3

Alley v. Bell, 392 F. 2d 822, 831 (6th Cir. 2004). The only stipulation on record by the Assistant Attorneys General was that Dr. Richmond was qualified to testify as an expert. Evidentiary Hr'g Tr. at PageID.3406 (Dkt. 25). There was no stipulation as to his findings, nor did the Assistant Attorneys General confess error, either at the evidentiary hearing, in the post-evidentiary hearing brief (Dkt. 29), or in the response to Petitioner's motion to amend or correct the judgment (Dkt. 36).

Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court conviction because he failed to show that there has been a grave miscarriage of justice in his case. Mitchell, 651 F. 3d at 599. Petitioner has neither alleged nor established his actual innocence of the crimes that he was convicted. Indeed, Petitioner conceded at trial, on appeal, and again before this Court, that he broke into the pharmacy and stole a large quantity of drugs.

For all these reasons, the motion for an independent action for relief from judgment (Dkt. 41) is denied.

Dated: January 27, 2025                             s/Mark A. Goldsmith
       Detroit, Michigan                            MARK A. GOLDSMITH
                                                    United States District Judge